**Alicia Sanchez GOMEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–73645.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2008 *.

Filed Feb. 15, 2008.

Alicia Sanchez Gomez, Highland, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Lindsay Williams, U.S.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: WALLACE, LEAVY and RYMER, Circuit Judges.

## MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") August 17, 2007 decision denying petitioner's motion to reopen. We have reviewed the record and respondent's motion to dismiss.

The BIA's order challenged in this petition construed petitioner's motion as both a motion to reconsider and a motion to reopen. To the extent that the BIA construed and denied the motion as a motion to reconsider, we conclude that summary disposition is appropriate because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). The regulations provide that motion to reconsider "must be filed with the Board within 30 days after the mailing of the Board decision." *See* 8 C.F.R. § 1003.2(b)(2). Accordingly, the BIA did not abuse its discretion in denying petitioner's motion, filed more than 30 days after the BIA's May 10, 2007 decision denying cancellation of removal. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004) (BIA's denial of a motion to reconsider is reviewed for abuse of discretion); *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To the extent that the BIA construed petitioner's motion as a motion to reopen, respondent's unopposed motion to dismiss this petition for review for lack of jurisdiction is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006) (concluding that the court lacks jurisdiction to review the Board of Immigration Appeals' denial of motion to reopen for failure to establish a prima facie case if a prior adverse discretionary decision was made by the agency).

The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

All other pending motions are denied as moot.

**PETITION DENIED in part; DISMISSED in part.**